# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHNSON, et al<br><br>　　　　　Defendants. | Case No.  1:12-cv-01110-SMS (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO SUBMIT MORE DEFINITE STATEMENT OF FACTS**<br><br>**RESPONSE DUE WITHIN THIRTY (30) DAYS** |

### ORDER FOR MORE DEFINITE STATEMENT

Plaintiff Isabel Tubach ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint in this action on July 10, 2012.  (ECF No. 1.)

In the present complaint, Plaintiff appears to allege that she is being sexually assaulted and harassed in violation of the Eighth Amendment.  To enable the Court to screen the Complaint consistent with its duties under 28 U.S.C. § 1915A, Plaintiff is hereby **ORDERED** to submit a more definite statement of the facts involved in this action by filing a written response to the question(s) posed below **within thirty (30) days** of the date of this order:

1

**QUESTION(S)**

1. Your complaint identifies the following Defendants: (1) Warden Johnson; (2) Nurse Ramos; (3) Nurse Tune; (4) Senior Librarian Burger; (5) Officer M. Guzman; and (6) Officer Phan.

    (a)    Briefly describe the alleged personal involvement of each individual defendant in the acts that allegedly violated your constitutional rights as stated in the Complaint and give the date of each occurrence. If you do not know an exact date, give an approximate date. List each defendant and state what he or she did (or did not do) to you that you believe was wrong and the date that they engaged in such behavior. Be specific as to personal involvement. Do not use conclusions, generalities, or legal terms of art; rather, state specific facts. See following examples of unacceptable and acceptable response formats.

**Unacceptable response examples**:

Defendant A: on January 1, 2013, attacked me.

Defendant B: on January 1, 2013, watched Defendant A attack me.

**Acceptable response examples**:

Defendant A: on January 1, 2013, walked up to me in the hallway as I was walking to the dining hall and punched me in the nose three times using his right fist.

Defendant B: on January 1, 2013, watched Defendant A walk up to me in the hallway as I was walking to the dining hall and punch me in the nose with his right fist once. Defendant B then failed to stop Defendant A from punching me in the nose with his right fist two more times.

///

# INSTRUCTIONS

Plaintiff is admonished to carefully follow these instructions.  Plaintiff's response is due **thirty (30) days** from the date of this order as shown below.  Plaintiff is instructed to label her response "Plaintiff's More Definite Statement" and to include the correct Civil Action Number as shown above in the style of this case.

Plaintiff is directed to answer the foregoing questions to the best of her ability based on personal knowledge and the information available to her.  Legal research or resort to a review of prison records is not required, but Plaintiff should provide her best responses based on information she has access to.  Plaintiff is instructed to submit her responses to the foregoing question(s) by writing the answer as neatly and as briefly as possible.   Plaintiff must also include somewhere in her response the following affirmation: "I swear under penalty of perjury that these answers are true and correct to the best of my knowledge."

No summons will issue until the Court has completed an evaluation of Plaintiff's response to the foregoing questions and screened the Complaint.  **Plaintiff's failure to comply as directed may result in the dismissal of this action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure without further notice.**

IT IS SO ORDERED.

Dated:   **June 2, 2013**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE